| | |
|---|---|
| Kyle Robert Moore,<br><br>Plaintiff,<br><br>v.<br><br>City of Edina; Jason Behr in his official and individual capacity, Jefferey Martin in his official and individual capacity, Jaren Zech in his official and individual capacity, Travis Nordhus in his official and individual capacity, Mike Bengtson in his official and individual capacity, Ryan Banaszewski in his official and individual capacity, Jane Doe 1 in her official and individual capacity, Ryan Schultz in his official and individual capacity, Bill O'Brien in his official and individual capacity, City of Richfield; Robert Fredricks in his official and individual capacity, City of Bloomington; Jane Doe In her official and individual capacity,<br><br>Defendants. | Case No. 24-cv-1109 (JWB/TNL)<br><br><br>**DEFENDANTS CITY OF EDINA, JASON BEHR, JEFFREY MARTIN, JAREN ZECH, TRAVIS NORDHUS, MIKE BENGSTON, RYAN BANASZEWSKI, RYAN SCHULTZ, BILL O'BRIEN, CITY OF RICHFIELD, ROBERT FREDERICKS, AND CITY OF BLOOMINGTON'S ANSWER TO PLAINTIFF'S COMPLAINT** |

COMES NOW, Defendants City of Edina, Jason Behr, Jeffrey Martin, Jaren Zech, Mike Bengston, Ryan Banaszewski, Ryan Schultz, Bill O'Brien, Travis Nordhus, Robert Fredericks, City of Richfield, and City of Bloomington (hereinafter "Defendants"), for their Answer to Plaintiff's Complaint, deny each and every matter and thing contained in Plaintiff's Complaint except as admitted or qualified herein. Further, Defendants

specifically deny that they were guilty of any negligent, illegal, improper or unconstitutional conduct, and state and allege as follows:

1. As to paragraph 1, Defendants assert that the allegations are vague as to time. Further, Defendants assert that Moore physically resisted officers and upon information and belief, he was injected with a sedative and transported to a hospital. Defendants specifically deny excessive force was used, that Plaintiff was "tortured," or piled on. Further, Defendants generally deny any remaining allegations contained in paragraph 1.

2. As to paragraph 2, Defendants deny.

**PARTIES**

3. As to paragraph 3, upon information and belief, Defendants are without sufficient information to admit or deny the allegations and, therefore, deny the same and put the Plaintiff to proof.

4. As to paragraph 5, Defendants admit.

5. As to paragraph 5, Defendants admit.

6. As to paragraph 6, Defendants admit.

7. As to paragraph 7, Defendants assert that the allegations are vague as to time. Further, Defendants admit that on October 6, 2019, Defendant Jason Behr was employed as a police officer for the Edina Police Department.

8. As to paragraph 8, Defendants assert that the allegations are vague as to time. Further, Defendants admit that on October 6, 2019, Defendant Jeffrey Martin was employed as a police officer for the Edina Police Department.

9. As to paragraph 9, Defendants assert that the allegations are vague as to time. Further, Defendants admit that on October 6, 2019, Defendant Jaren Zech was employed as a police officer for the Edina Police Department.

10. As to paragraph 10, Defendants assert that the allegations are vague as to time. Further, Defendants admit that on October 6, 2019, Defendant Travis Nordhus was employed as a police officer for the Edina Police Department.

11. As to paragraph 11, Defendants assert that the allegations are vague as to time. Further, Defendants admit that on October 6, 2019, Defendant Mike Bengston was employed as a police officer for the Edina Police Department.

12. As to paragraph 12, Defendants assert that the allegations are vague as to time. Further, Defendants admit that on October 6, 2019, Defendant Ryan Banaszewski was employed as a police officer for the Edina Police Department.

13. As to paragraph 13, Defendants assert that the allegations are vague as to time and identity as to be incapable of a response and therefore, deny the same and put Plaintiff to proof.

14. As to paragraph 14, Defendants assert that the allegations are vague as to time. Further, Defendants admit that on October 6, 2019, Defendant Ryan Schultz was employed as a lieutenant for the Edina Police Department.

15. As to paragraph 15, Defendants assert that the allegations are vague as to time and identity as to be incapable of a response and therefore, deny the same and put Plaintiff to proof.

16. As to paragraph 16, Defendants assert that the allegations are vague as to time. Further, Defendants admit that on October 6, 2019, Defendant Robert Fredericks was employed as a police officer for the Richfield Police Department.

17. As to paragraph 17, Defendants assert that the allegations are vague as to time. Further, Defendants assert that on October 6, 2019, Defendant Bill O'Brien was employed as a paramedic for the Edina Fire Department.

## JURISDICTION

18. As to paragraph 18, these answering Defendants state that the allegations in said paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same and put Plaintiff to the strictest of proof.

## BACKGROUND

1. As to paragraph 1, Defendants assert that the allegations are vague as to time, mental impressions, and ambiguous. Further, Defendants admit on October 6, 2019, Plaintiff was located at the Southdale Mall in Edina, Hennepin County, Minnesota. Defendants deny the Plaintiff did not commit any illegal actions and was walking into the mall. As to the remainder of the allegations in said paragraph, Defendants are without sufficient information to admit or deny, and therefore deny the same and put Plaintiff to the strictest of proof for all allegations alleged in paragraph 1.

2. As to paragraph 2, Defendants deny.

3. As to paragraph 3, Defendants assert that the allegations are so vague and ambiguous as to time. Defendants deny Defendant Behr "falsified" a police report. Multiple officers witnessed Plaintiff throw a jam jar that struck Officer Behr, ultimately

4

resulting in medical treatment. Defendants admit criminal charges were filed against Plaintiff and later dismissed as officers were more concerned that Plaintiff receive the mental health treatment he required than pursue criminal charges. Defendants admit officers and EMS arrived on the scene. Defendants deny that Plaintiff did not resist as Plaintiff vigorously resisted efforts to restrain him for several minutes, bit an officer requiring medical treatment, and spat at officers. Further, Defendants deny the allegation as to an estimated over 1,000 pounds of combined weight and equipment. Defendants deny Plaintiff telling Defendants he was having difficulty breathing. Further, Defendants deny that Plaintiff was "pressed on the ground" as it is so vague and ambiguous, and Plaintiff continued to vigorously struggle against efforts to control him. Defendants deny Bill O'Brien did not make any inquiries. Defendants admit Plaintiff was administered a sedative by paramedic Bill O'Brien who was concerned that Plaintiff's vigorous resistance and profound agitation could result in life-threatening conditions for Plaintiff.

4. As to paragraph 4, Defendants admit Plaintiff was transported to Hennepin County Medical Center but deny the extent of the injuries alleged and the cause of the alleged injuries and hold Plaintiff to the strictest of proof.

5. As to paragraph 5, Defendants deny they caused any injuries allegedly sustained by Plaintiff and hold Plaintiff to the strictest of proof.

## FIRST CAUSE OF ACTION

### *Excessive Force in Violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments*

19. As to paragraph 19, no answer is required, Defendants restate their previous answers and denials as if fully set forth herein.

20. As to paragraph 20, Defendants deny.

21. As to paragraph 21, Defendants deny.

22. As to paragraph 22, Defendants assert the allegation is vague as to the term "Defendants." Further, Defendants admit that on October 6, 2019, Defendant Jason Behr, Defendant Jeffrey Martin, Defendant Jaren Zech, Defendant Travis Nordhus, Defendant Mike Bengston, Defendant Ryan Banaszewski, Defendant Ryan Schultz, Defendant Robert Fredericks, and Defendant Bill O'Brien acted under the color of law. These answering Defendants deny that the individuals listed engaged in misconduct and put Plaintiff to the strictest of proof.

23. As to paragraph 23, Defendants deny.

24. As to paragraph 24, Defendants deny.

25. As to paragraph 25, Defendants deny.

## SECOND CAUSE OF ACTION

### *State Law Claim – Negligence*

26. As to paragraph 26, no answer is required, Defendants restate their answers and denials in the previous paragraphs as if fully set forth herein.

27. As to paragraph 27, Defendants deny the allegations alleged as they are so vague and ambiguous. Further, Defendants deny any breach of a ministerial duty or that the duty was ministerial. Further, Defendants deny causing Plaintiff harm. Defendants deny any actions contrary to training or department practices and the allegations are unclear and vague. Further, Defendants put Plaintiff to the strictest of proof regarding the allegations alleged in paragraph 27.

28. As to paragraph 28, Defendants deny negligence and deny any vicarious liability. Defendants admit Defendant Jason Behr, Defendant Jeffrey Martin, Defendant Jaren Zech, Defendant Travis Nordhus, Defendant Mike Bengston, Defendant Ryan Banaszewski, Defendant Ryan Schultz, Defendant Robert Fredericks, and Defendant Bill O'Brien were in their scope of employment on October 6, 2019, during the incident alleged in the Complaint. Defendants deny any further allegations alleged in paragraph 28 and hold Plaintiff to the strictest of proof.

29. As to paragraph 29, Defendants deny any negligence or damages and hold Plaintiff to the strictest of proof.

**THIRD CAUSE OF ACTION**

*State Law Claim – False Arrest/Imprisonment*

30. As to paragraph 30, no answer is required, Defendants restate their previous answers and denials as if fully set forth herein.

31. As to paragraph 31, the allegations alleged are so vague and ambiguous as to be incapable of a response and further, they contain a legal conclusion. To the extent a response is required, Defendants deny and hold Plaintiff to the strictest of proof.

32. As to paragraph 32, Defendants assert that the allegations regarding the terms "aware" and "harmed" are so vague as to be incapable of a response and further, they contain a legal conclusion. To the extent a response is required, Defendants deny and hold Plaintiff to the strictest of proof.

33. As to paragraph 33, Defendants assert that the allegations are so vague as to time and ambiguous as to "reasonable means of escape" so as to be incapable of a response. To the extent an answer is required, Defendants deny and hold Plaintiff to the strictest of proof.

34. As to paragraph 34, Defendants deny.

35. As to paragraph 35, Defendants deny any vicarious liability. Further, Defendants assert that the allegations related to the Defendants' scope of employment is so vague as to time as to be incapable of a response.

36. As to paragraphs 36, Defendants deny.

## DEMAND FOR JURY TRIAL

37. As to paragraph 37, no answer is required, Defendants further demand a trial by jury.

## AFFIRMATIVE DEFENSES

1. Defendants assert that Plaintiff's injuries or damages were due to and caused by his own conduct.

2. Defendants assert that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3. Defendants assert that Plaintiff's claims are barred by the doctrines of qualified immunity, statutory immunity, official immunity, and immunity found in Minn. Stat. § 253B.23, subd. 4.

4. Defendants assert that Defendants at all times acted reasonably and properly.

5. That Defendants were at all times performing a discretionary function while acting in good faith and with reasonably full belief that their actions were lawful, constitutional, and proper.

6. Defendants assert that Plaintiff was guilty of unlawful conduct which was the cause of any injuries or damages that Plaintiff may have sustained.

7. Defendants assert that Plaintiff's claims are barred because of no constitutional injury.

8. Defendants assert that their actions were in good faith and in accordance with state and federal statutes and case law.

9. Defendants assert that Plaintiff is unable to meet the legal requirements for a cause of action under a theory of false imprisonment.

10. Defendants assert that Plaintiff is unable to meet the legal requirements for a cause of action under a state law claim of negligence.

11. Defendants assert that Plaintiff is unable to meet the legal requirements for a cause of action under 42 U.S.C. §1983.

12. The actions of Defendants were authorized by Minnesota Statutes including but not limited to, Minn. Stat. § 609.06 and Chapter 253B.23.

13. That Defendants' actions were proper under the Community Caretaking Function.

14. That Plaintiff failed to provide timely notice of said claims as required by Minnesota Statutes resulting in prejudice to Defendants and said claims should be dismissed.

15. That some of Plaintiff's claims are barred by applicable statutes of limitations.

16. Defendants assert that Plaintiff's claims may be barred by any/all of the affirmative defenses contemplated in Rule 8(c) of the Federal Rules of Civil Procedure which are not specifically set forth above. The extent to which Plaintiff's claims may be barred by one or more of said affirmative defenses cannot be determined until there has been further investigation and/or discovery. Therefore, Defendants allege and incorporate all of the affirmative defenses set forth in Federal Rules of Civil Procedure 8(c).

WHEREFORE, these Defendants pray that Plaintiff take nothing against them for his pretended claim for relief herein; that they be given judgment for their costs, disbursements and attorney's fees and for such other relief as the Court may deem just and equitable; and further, these Defendants pray that Plaintiff's Complaint be dismissed with prejudice and that judgment be entered in favor of these answering Defendants in accordance with said Order of Dismissal.

**JARDINE, LOGAN & O'BRIEN, P.L.L.P.**

Dated: June 3, 2024

By: *Joseph E. Flynn*

Joseph E. Flynn, #0165712
Tessa M. McEllistrem, #0391380
Mollie A. Buelow, #0403436
8519 Eagle Point Boulevard, Suite 100
Lake Elmo, MN 55042-8624
Telephone: (651) 290-6500
Facsimile: (651) 223-5070
jflynn@jlolaw.com
tmcellistrem@jlolaw.com
mbuelow@jlolaw.com

*Attorneys for Defendants City of Edina, Jason Behr, Jeffrey Martin, Jaren Zech, Travis Nordhus, Mike Bengtson, Ryan Banaszewski, Ryan Schultz, Bill O'Brien, City of Richfield, Robert Fredericks, and City of Bloomington*