UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Case No.: 24-cv-1109 (JWB/TNL)

Kyle Robert Moore,

    Plaintiff,

vs.

City of Edina; Jason Behr in his official and individual capacity, Jefferey Martin in his official and individual capacity, Jaren Zech in his official and individual capacity, Travis Nordhus in his official and individual capacity, Mike Bengtson in his official and individual capacity , Ryan Banaszewski in his official and individual capacity, Jane Doe 1 in her official and individual capacity, Ryan Schultz in his official and individual capacity, Bill O'Brien in his official and individual capacity, City of Richfield; Robert Fredricks in his official and individual capacity , City of Bloomington; Jane Doe 2 in her official and individual capacity,

    Defendants.

**SECOND AMENDED COMPLAINT**

**JURY TRIAL REQUESTED**

## INTRODUCTION

1. Kyle Moore, the plaintiff in this case, was hospitalized and received extensive medical attention for life threatening injuries because Defendants used excessive force on him, that rose to the level of torture- including tasing him, piling onto him with over 1,000 pounds of combined weight, and forcibly injecting him with Ketamine.

2. After being assaulted by Defendants, Plaintiff, who was hospitalized, suffered a grand mal seizure, which almost resulted in his death, and received medical care for extensive injuries. Plaintiff's injuries caused permanent, debilitating conditions, physical and

mental, which continue to this day.

## PARTIES

3. Plaintiff Kyle Moore is a resident of the State of Minnesota.

4. Defendant City of Edina is a political subdivision of the State of Minnesota.

5. Defendant City of Richfield is a political subdivision of the State of Minnesota.

6. Defendant City of Bloomington is a political subdivision of the State of Minnesota.

7. Defendant Jason Behr serves as a Police Officer for the Edina Police Department.

8. Defendant Jefferey Martin serves as a Police officer for the Edina Police Department.

9. Defendant Jaren Zech serves as a Police Officer for the Edina Police Department.

10. Defendant Travis Nordhus serves as a Police Officer for the Edina Police Department.

11. Defendant Mike Bengtson serves as a Police Officer for the Edina Police Department

12. Defendant Ryan Banaszewski serves as a Police Officer for the Edina Police Department.

13. Defendant Jane Doe 1 serves as a Police Officer for the Edina Police Department.

14. Defendant Ryan Schultz serves as a Lieutenant for the Edina Police Department

15. Defendant Jane Doe 2 serves as a Police Officer for the Bloomington Police Department.

16. Defendant Robert Fredricks serves as a Police Officer for the Richfield Police Department.

17. Defendant Bill O'Brien serves as a Paramedic for the Edina Fire Department.

## JURISDICTION

18. This is an action for monetary and declaratory relief under 42 U.S.C. §§ 1983 and 1988. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1343(a)(3), 1331,

and 1367. Venue lies properly in this District pursuant to 28 U.S.C. § 1391, as the events giving rise to this action occurred in this District and, on information and belief, Defendants reside in this District.

## BACKGROUND

1. On October 6, 2019, Plaintiff was at the Southdale Mall in Edina, Hennepin County, Minnesota. Plaintiff was not committing any illegal actions. Plaintiff walked into the mall carrying a bible and a jar of jam, which was supposed to be a present for his mother.

2. Defendant Jason Behr and Defendant Jefferey Martin chased Plaintiff down, despite having no reason to believe Plaintiff was committing a crime or was a threat to himself or others. Defendants had not received a complaint from anyone that Plaintiff was posing a threat or acting inappropriately. Defendant Behr and Defendant Martin unlawfully detained and arrested Plaintiff, in the process tasing him and forcibly taking him to the ground.

3. Defendant Behr falsified his police report claiming that Plaintiff threw a jar of jam at him, which was not true. Criminal charges were filed against Plaintiff due to Defendant Behr's false report, and the charges were later dismissed. After Defendant Behr and Defendant Martin had taken Plaintiff to the ground, despite no resistance from Plaintiff, numerous other officers – Defendant Zech, Defendant Nordhus, Defendant Bengtson, Defendant Banaszewski, Defendant Schultz, Defendant Fredricks, Defendant Jane Doe 1, and Defendant Jane Doe 2 arrived, and piled onto plaintiff, leading to an estimated over 1,000 pounds of combined weight, between the weight of the officers and their equipment, being on top of Plaintiff. Plaintiff was under this weight for over eighteen

minutes, and officers remained on him despite Plaintiff telling the Defendants that he was having difficulty breathing. While Plaintiff was pressed to the ground, Defendant Bill O'Brien arrived and without making any inquiries as to whether Ketamine was necessary or appropriate, forcibly injected Plaintiff with Ketamine.

4. Plaintiff was subsequently transported to Hennepin County Medical Center and treated for extensive injuries, including a grand mal seizure he suffered as a result of the assault by the Defendants.

5. As the result of Defendants' assaults, Plaintiff had/has severe and permanent injuries – mental and physical injuries- including but not limited to PTSD, acute hypoxic respiratory failure, atelectasis, aspiration pneumonitis, acute toxic metabolic encephalopathy, acute kidney injury, high probability of imminent life or limb-threatening deterioration, and a seizure.

## FIRST CAUSE OF ACTION

*Excessive Force in Violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments*

19. Plaintiff restates the allegations contained in the previous paragraphs as if fully set forth herein.
20. The use of force by Defendants, described above, was objectively unreasonable and violated Plaintiff's Fourth Amendment rights.
21. Plaintiff was not posing a threat to the safety of Defendants or others, had not committed a violent crime, and was neither actively resisting arrest nor attempting to evade arrest by flight.
22. Defendants acted under the color of law.

23. The actions of Defendants, described above, constituted an unlawful seizure in violation of Plaintiff's Fourth Amendment rights.

24. Defendants willfully engaged in this unconstitutional conduct.

25. As a direct and proximate result of this violation of Plaintiff's constitutional rights, Plaintiff suffered harm.

## SECOND CAUSE OF ACTION

*State Law Claim –Negligence*

26. Plaintiff restates the allegations contained in the previous paragraphs as if fully set forth herein.

27. Based on the factual allegations above, Defendants breached a ministerial duty they owed to Plaintiff when they used force on him that was contrary to their training or department policies, causing significant harm to Plaintiff.

28. The municipal defendants are vicariously liable to Plaintiff for their employee's negligence described above because their employees' acts were taken in the scope of their employment.

29. As a direct and proximate result of this negligence, Plaintiff suffered damages as described above.

## THIRD CAUSE OF ACTION

*State Law Claim – False Arrest/ Imprisonment*

30. Plaintiff restates the allegations contained in the previous paragraphs fully set forth herein.

31. The actions of Defendants intentionally restricted Plaintiff's physical liberty on October 6, 2019.

32. Plaintiff was aware of and harmed by these actions by Defendants.

33. There was no reasonable means of escape known to Plaintiff.

34. Plaintiff's arrest was made without proper legal authority.

35. The municipal defendants are vicariously liable for the acts described above by their employees because those acts were taken in the scope of their employees' employment.

36. As a proximate cause of the false arrest/ imprisonment of Plaintiff by Defendants, Plaintiff suffered harm.

## DEMAND FOR JURY TRIAL

37. Plaintiff demands a trial by jury on all causes of action listed above.

## REQUEST FOR RELIEF

Plaintiff requests relief as follows:

1. A declaration that the use of excessive force against Plaintiff violated the Fourth Amendment.

2. A declaration that the unlawful arrest of Plaintiff violated the Fourth Amendment.

3. For damages in an amount in excess of $50,000.00 compensating Plaintiff for his injuries against all Defendants jointly and severally.

4. For punitive damages against Defendants Jason Behr, Jefferey Martin, Jaren Zech, Travis Nordhus, Mike Bengtson, Ryan Banaszewski, Jane Doe 1, Ryan Schultz, Bill O'Brien, Robert

Fredricks, and Jane Doe 2, as to the federal claims.

5. Prejudgment interest.

6. Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

7. For such other and further relief that the Court deems to be just, fair, and equitable.

Dated: 07/12/2024   /s/ Edward R. Shaw
Edward R. Shaw (#0262912)
Attorney for Plaintiff
722 South 6th Street
Brainerd, MN 56401
Ph: 218.825.7030
Email: lawyer@edshawlaw.com